## ROWAN v. KEMP.

(Supreme Court, Appellate Term.  April 10, 1907.)

1. PRINCIPAL AND AGENT—CAUSE OF ACTION—LIABILITY OF PARTY.

Defendant's brother engaged plaintiff to render certain services as an accountant for his own benefit, and made all the payments that were made on account of the work.  There was no proof that defendant directed, authorized, or was benefited by the services, or that he had ever held out his brother as authorized to act for him, or ratified or adopted his acts. *Held*, that defendant was not liable for the services so rendered.

2. SAME—HOLDING OUT.

The fact that defendant's brother was a guest in defendant's family apartment, having no home of his own in New York, and transacted the business in question largely from such residence, did not constitute a holding out by defendant of the brother as his agent.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John J. Rowan against Arthur T. Kemp.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

John Larkin (Alexander S. Andrews, of counsel), for appellant.
L. Alexander, for respondent.

PER CURIAM.  The action was tried before the justice and a jury, and a verdict rendered for plaintiff on a claim for services as an accountant.  The appeal is based upon the ground that the verdict is against the evidence, and also on certain alleged errors of the learned justice upon the admissibility of evidence and in his instructions to the jury.

We think the judgment should be reversed, for the reason that the record is bare of any proof that defendant ever directed, authorized, or benefited in the services rendered.  It was his brother George who engaged plaintiff for his own benefit, and paid him all the payments that were made on account of the work.  There is nothing to warrant the finding that George acted as agent for defendant, or held himself out as such agent, or that the defendant ratified or adopted the acts of George, either actually or constructively, or derived any benefit therefrom.  There is no sufficient support for the finding of the jury in plaintiff's favor as against this defendant.  Even assuming that defendant made some sort of a promise to pay for the work, or a part thereof, such promise was made after the completion of the work, and was without consideration.  The mere fact that George was a guest in defendant's family apartment, having no home of his own in this city, and transacted this business largely from such residence, does not constitute a holding out by defendant of George as his agent.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.